**Bridget HARDT, Plaintiff,**

v.

**RELIANCE STANDARD LIFE INSURANCE CO., et al., Defendants.**

**Civil Action No. 2:07cv105.**

United States District Court, E.D. Virginia, Norfolk Division.

July 12, 2007.

Ann Katherine Sullivan, Elaine Kathryn Inman, Crenshaw Ware & Martin PLC, Norfolk, VA, for Plaintiff.

Joshua Forrest Pescud Long, Woods Rogers PLC, Roanoke, VA, for Defendants.

### OPINION AND ORDER

KELLEY, District Judge.

This case presents the question of what is the appropriate standard of review in an ERISA case when the Claims Reviewer denies an appeal after expiration of the regulatory deadline for decision. By Memorandum Order dated May 11, 2007 (Docket No. 11), the Court directed the parties to brief the issue of whether the applicable standard of review is the modified abuse of discretion standard or a *de novo* standard. The Court has reviewed the briefs and is now prepared to rule.[1] For the reasons set forth below, the Court **HOLDS** that the standard of review applicable to this case is the modified abuse of discretion standard rather than *de novo* review.

### Factual Background

Plaintiff Bridget Hardt was an Executive Assistant with Dan River, Inc. During her employment, Ms. Hardt participated in Dan River's Group Long–Term Disability Insurance Program Plan ("the Plan"). Dan River administered the Plan and defendant Reliance Standard Life Insurance Co. ("Reliance") served as both the Reviewer responsible for deciding whether to pay a particular claim and the actual payor of benefits.

Ms. Hardt began experiencing pain throughout her body in July 2000. She went through several rounds of doctor visits, including surgery for carpel tunnel syndrome, and was unable to work for several extended periods. In August 2003, Ms. Hardt filed a claim for long-term disability benefits.

Although Reliance initially approved Ms. Hardt's claim and made some payments, it ultimately denied long-term disability benefits on or about August 23, 2005. Ms. Hardt appealed this decision on September 14, 2005. Under the terms of the Plan, the appeal was made to Reliance, the same entity that denied Ms. Hardt's claim in the first place.

While the appeal was pending, Ms. Hardt cancelled one Functional Capacity Exam ("FCE") (10/24/05) and submitted to two other FCEs (12/29/05 and 1/26/06).

---

**1.** In the intervening period, plaintiff filed a Motion to Compel Discovery (Docket No. 17). The Court previously ruled on discovery in this ERISA matter (Docket No. 11). Very little of the requested discovery relates to the discrete issues discussed in the Court's prior Order, and that which does relate to those issues is rendered moot by the substance of this Opinion and Order. As a result, Hardt's Motion to Compel is **DENIED** and discovery in this matter is **CLOSED.**

Both FCEs were deemed inconclusive as a result of Ms. Hardt's alleged "submaximal efforts" during the exams. Reliance denied Ms. Hardt's appeal on March 27, 2006, approximately 113 days after it was filed.

Both the Plan itself (Docket No. 13, Ex. A)[2] and the applicable regulations, 29 C.F.R. § 2560.503–1(f)(3), obligated Reliance to decide the appeal or request an extension of time within 45 days. Reliance violated this requirement because it never formally requested an extension and did not rule on the appeal until 113 days had elapsed.

### Analysis

The parties agree that Reliance's dual role as Claims Reviewer and policy insurer creates a conflict of interest. In such a situation, a district court typically reviews a disability benefit determination under a modified abuse of discretion standard to compensate for any effect that the conflict may have had on the benefits determination. *Elliott v. Sara Lee Corp.*, 190 F.3d 601, 605 (4th Cir.1999). This modified standard deviates from the usual abuse of discretion review "only to the extent necessary to counteract any influence unduly resulting from the conflict [of interest]." *Ellis v. Metro. Life Ins. Co*, 126 F.3d 228, 233 (4th Cir.1997). "The more incentive for the administrator or fiduciary to benefit itself by a certain interpretation of benefit eligibility or other plan terms, the more objectively reasonable the administrator or fiduciary's decision must be and the more substantial the evidence must be to support it." *Id.*

Ms. Hardt asserts that Reliance's delay in ruling on her appeal precludes use of the modified abuse of discretion standard.

She urges the Court to adopt a *de novo* standard of review as a remedy for Reliance's untimely decision. Ms. Hardt relies on cases holding that when a claim is "deemed denied" by operation of law due to a failure to act, the standard of review in the district court becomes *de novo*. *Jebian v. Hewlett–Packard Co.*, 349 F.3d 1098, 1103 (9th Cir.2003); *Gritzer v. CBS, Inc.*, 275 F.3d 291, 295 (3d Cir.2002).

The original Department of Labor regulations implementing ERISA provided that a claim or appeal was "deemed denied" if it was not decided within the specified time period. *E.g.*, 29 C.F.R. § 2560.503–1(h)(4) (1998). The United States Supreme Court ruled that this "deemed denied" regulation merely permitted a claimant to commence a civil action without first exhausting his or her administrative remedies. *Mass. Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 144, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985). Some lower courts went a step further, however, and held that if a claim is deemed denied by operation of law, the Claims Reviewer has made no discretionary decision to which deference is owed. *Jebian*, 349 F.3d at 1103; *Gilbertson v. Allied Signal, Inc.*, 328 F.3d 625, 632–33 (10th Cir.2003). Other courts continued to defer to the Claims Reviewer whenever there was a grant of discretion in the Plan, regardless of whether the claim was "deemed denied." *See, e.g.*, *S. Farm Bureau Life Ins. Co. v. Moore*, 993 F.2d 98, 101 (5th Cir.1993) ("In our view, the standard of review is no different whether the claim is actually denied or is deemed denied."); *Daniel v. Eaton Corp.*, 839 F.2d 263, 267 (6th Cir.1988).[3]

The Department of Labor issued amended ERISA regulations in 2000 that apply

---

**2.** The Plan language containing the 45–day period appears in a section of the policy called "Summary Plan Description." Interestingly, that section begins with the following disclaimer: "Reliance Standard Life In-

surance Company assumes no responsibility for the accuracy or sufficiency of the information in this section."

**3.** There is no Fourth Circuit decision discussing the standard of review in a "deemed de-

to claims filed on or after January 1, 2002. *Jebian*, 349 F.3d at 1103 n. 5. The amended regulations still require that the Claims Reviewer render a decision on a disability benefits appeal within a specified time frame. 29 C.F.R. § 2560.503–1(f)(3) (2007) (providing a 45–day time period and the option of a 30–day extension for disability claims). However, a claim is no longer deemed denied after the expiration of the regulatory deadline. Instead, a claimant's administrative remedies are now deemed exhausted once the deadline for decision has passed, so the claimant may then file a civil action. 29 C.F.R. § 2560.503–1(*l*).

The question thus presented is whether the amended regulations require courts to review claim determinations made after the regulatory deadline *de novo* or for an abuse of discretion. There is no Fourth Circuit precedent on point, and the court has found scant discussion in other jurisdictions. *See Bard v. Boston Shipping Ass'n*, 471 F.3d 229, 235–36 (1st Cir.2006) (recognizing the question, but resolving the case on other grounds); *Meyers v. GE Group Life Assurance Co.*, Civ. Action No. 04–5488, 2006 WL 680993, at *9–10, 2006 U.S. Dist. LEXIS 13937, at *28–31 (D.N.J. Mar. 10, 2006) (refusing to apply *de novo* review regardless of the expiration of the regulatory deadlines). Having reviewed the available authorities, the Court concludes that the modified abuse of discretion standard of review is appropriate for this case.

Plaintiff Hardt did not file the instant action until *after* Reliance had rendered its final, albeit untimely, decision. During the pendency of her appeal, the parties dickered going back and forth regarding the FCEs, and this squabbling delayed a decision on the appeal. Who is to blame for the resulting delay is irrelevant. What matters is that Reliance was taking action on Ms. Hardt's appeal. The parties were in contact. Reliance was taking steps commensurate with the exercise of its discretion as delineated in the Plan, and Reliance eventually exercised its discretion when it denied Ms. Hardt's appeal. The Court is obligated to give that discretion deference. This holding follows a line of cases which hold that "substantial compliance" with the ERISA framework is sufficient to result in review for abuse of discretion. *Gilbertson*, 328 F.3d at 634–35; *see also Gatti v. Reliance Standard Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir.2005).

The standard adopted by the Court could differ with different facts. Had Ms. Hardt filed this action *after* the 45–day period but *before* Reliance rendered its decision, the Court would then have to decide whether a deferential standard of review remains appropriate. Similarly, if the Plan itself provided for automatic denial of an appeal after a certain time period, the *Jebian* line of cases would again be relevant. Both issues would appear to be issues of first impression in the Fourth Circuit. Neither needs to be addressed in this case.

### Conclusion

For the foregoing reasons, the Court **FINDS** that the proper standard of review in this case is the modified abuse of discretion standard. Plaintiff Hardt's Motion to Compel Discovery is **DENIED.** The parties are **DIRECTED** to file cross-motions for summary judgment based on the administrative record. All other dates, including the final pretrial conference and the trial, are **VACATED.**

The Clerk is **DIRECTED** to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

nied" case, so it is unclear which path the Fourth Circuit would choose.